985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ben Saba KHAN, Defendant-Appellant.
 No. 91-30463.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 3, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ben Saba Khan appeals his conviction, following a jury trial, for possession with intent to distribute in excess of five grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Khan contends that the district court erred by denying his motion to suppress evidence because he did not voluntarily consent to the warrantless search of his car trunk. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Whether a consent to search was voluntary is a question of fact which we review for clear error. United States v. Childs, 944 F.2d 491, 495 (9th Cir.1991); United States v. Kaplan, 895 F.2d 618, 622 (9th Cir.1990). We view the evidence regarding consent in the light most favorable to the fact-finder's decision. Kaplan, 895 F.2d at 622; United States v. Vasquez, 858 F.2d 1387, 1389 (9th Cir.1988), cert. denied, 488 U.S. 1034 (1989).
 
 
 4
 The voluntariness of consent is to be determined from the totality of the circumstances. Childs, 944 F.2d at 495; Kaplan, 895 F.2d at 622. Among the factors that should be weighed in establishing voluntariness are: (1) whether the defendant was in custody; (2) whether the arresting officers have their guns drawn; (3) whether Miranda warnings have been given; (4) whether the defendant was told he has a right not to consent; and (5) whether the defendant was told a search warrant could be obtained. United States v. Carbajal, 956 F.2d 924, 930 n. 1 (9th Cir.1992); Vasquez, 858 F.2d at 1389. No one factor or combination of factors automatically determines that consent was involuntary. Childs, 944 F.2d at 496 (consent voluntary where defendant was arrested at gunpoint); United States v. Castillo, 866 F.2d 1071, 1081-82 (9th Cir.1988) (consent voluntary where arrested defendant refused to sign consent form, but consented orally); see also, e.g., United States v. Watson, 423 U.S. 411, 422-425 (1975) (consent voluntary where officers failed to inform arrested defendant of right to withhold consent); United States v. Alfonso, 759 F.2d 728, 740-41 (9th Cir.1985) (consent voluntary where defendant arrested at gunpoint and not advised of Miranda rights until five hours after luggage had been searched).[1] Absence of coercive behavior by the authorities and evidence of the defendant's ability to comprehend the situation are also relevant to determination of voluntary consent. See Watson, 423 U.S. at 424-25 (police made no threats of force and defendant was not mentally deficient nor a stranger to arrest); Kaplan, 895 F.2d at 622 (no undue coercion and defendant not lacking in education or understanding).
 
 
 5
 Khan contends that under the totality of the circumstances the district court erred by concluding that his consent to the search was voluntary. At the hearing on his motion to suppress evidence, Khan testified that Washington State Patrol Officer Lundquist stopped him and two passengers for speeding, handcuffed him after ascertaining that he was from another state and did not have a license, and conducted a pat-down search, removing $400 from his pockets without permission. Khan conceded that he then consented orally to a search of the car trunk, but stated that he felt at the time that the search was inevitable. The search netted 20 pieces of crack cocaine hidden in a tennis shoe. Officer Lundquist did not supply Khan with a consent to search form prior to the search and did not tell him that he could withhold consent or require a search warrant. Khan also points to his youth and lack of experience with car searches as factors weighing against the conclusion of voluntary consent.
 
 
 6
 Nonetheless, Officer Lundquist testified that he advised Khan of his Miranda rights twice, first during the arrest and again after discovery of the cocaine.[2] Lundquist also indicated that Khan was cooperative and polite throughout the exchange and readily granted permission for the search after telling Lundquist that the trunk contained clothing. Khan executed a consent to search form upon his arrival at the police station shortly thereafter. Officer Lundquist's failure to notify Khan that he could withhold consent or require a search warrant did not invalidate the voluntariness of Khan's consent to the car trunk search. See Watson, 423 U.S. 422-25; Childs, 944 F.2d at 496. Similarly, the fact that Khan was under arrest does not render Khan's consent involuntary. See, e.g., Childs, 944 F.2d at 496; Castillo, 866 F.2d at 1081-82. The arrest itself was valid,[3] and Officer Lundquist's behavior, including removal of the money from Khan's pocket, was not unduly threatening or coercive.[4] See Watson, 423 U.S. at 424-25; Kaplan, 895 F.2d at 622. Further, at the time of the arrest, Khan was a 22 year-old high school graduate with two prior arrests, and therefore was not lacking in education or experience with the law. See Watson, 423 U.S. at 424-25; Kaplan, 895 F.2d at 622. Viewed under the totality of the circumstances and in the light most favorable to the fact-finder, the district court did not clearly err by concluding that Khan voluntarily consented to the search of his car trunk. See Childs, 944 F.2d at 495; Kaplan, 895 F.2d at 622; Vasquez, 858 F.2d at 1389.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government misconstrues our holding in Carbajal as establishing that oral consent to search can be validated by a subsequently signed consent form, where in fact we declined to rule on this issue because the district court had made insufficient findings of fact. See id., 956 F.2d at 930-31
 
 
 [2]
 Khan complains that the district court denied the motion to suppress based solely on his receipt of Miranda warnings. In fact the district court found both that Khan received the warnings and that his consent was voluntary. Further, we may affirm the district court on any basis in the record. United States v. Burnette, 698 F.2d 1038, 1048 (9th Cir.), cert. denied, 461 U.S. 936 (1983)
 
 
 [3]
 Washington state law permits the arrest of a person driving without a valid license where an officer has reasonable grounds to believe that person will fail to appear pursuant to the citation. State v. Stortroen, 769 P.2d 321, 324 (Wash.Ct.App.1989)
 
 
 [4]
 Kahn suggests that removal of the money pursuant to the pat-down was illegal and "tainted" his consent. He did not challenge the pat-down search below, however, and hence may not raise it now except as another factor reflecting on voluntariness. See Childs, 944 F.2d at 495 (generally this court will not address an issue raised for the first time on appeal)